# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. REITEN MD FACS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY.<br><br>Defendant. | Case No. 2:18-cv-07418-AB-JPR<br>Magistrate Judge: Hon. Jean P. Rosenbluth<br>District Judge: Hon. André Birotte Jr.<br><br>**QUALIFIED HIPAA PROTECTIVE ORDER** |

1. In accordance with, and as defined by, the regulations promulgated under the Health Insurance Portability and Accountability Act, specifically 45 C.F.R. part 164.512(e)(1)(ii) and (v), the Court hereby enters a HIPAA Qualified Protective Order (QPO).

2. Pursuant to this QPO, all parties to this lawsuit are:

    a) prohibited from using or disclosing any protected heath information (PHI) produced or disclosed by a party in this case, for any purpose other than the litigation of the above-styled lawsuit; and

    b) required to destroy all copies of the PHI (including permanent deletion of electronically-stored copies of the PHI), or to return them to the disclosing entity at the conclusion of the above-styled lawsuit.

3. For purposes of this QPO, "conclusion" is understood to include the time for any records retention requirement and statute of limitations applicable to a party or a party's counsel. "Litigation" is understood to include all appellate proceedings or the expiration of time to commence such appellate proceedings without appeal.

4. Pursuant to 45 C.F.R. part 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any objection or privilege, the parties and their witnesses are expressly and specifically authorized to use or to disclose to the attorneys, agents, employees, and designees of each party or each party's legal counsel in this case PHI pertaining to the six (6) medical service claims referenced in the complaint.

5. The authorizations and orders set forth herein expressly include PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases if so requested.

6. Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any objection or privilege, any person or

2
[PROPOSED] QUALIFIED HIPAA PROTECTIVE ORDER

entity authorized or ordered above to use or disclose PHI with, to, or before any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service, designated by a party or a party's legal counsel in this case. The protections and requirements of paragraph 2 of the QPO apply to such service providers. Each party or the party's legal counsel is charged with obtaining advance consent of such service to comply with this paragraph. Upon such consent, the service provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of the above-styled matter for purposes of enforcement of this order.

7. Unless a motion for enforcement of the QPO has been filed in this case and remains pending at the time, the QPO shall expire upon the conclusion of the litigation as defined in paragraph 3.

8. This QPO self-executing and effective upon entry.

9. A copy of this QPO shall be valid as an original.

**IT IS SO ORDERED**

DATED: January 24, 2019        _____
                                U.S. Magistrate Judge

Submitted by:
Joshua C. Traver (SBN 229778)
Alysia B. Carroll (SBN 303136)
COLE PEDROZA LLP
2295 Huntington Drive
San Marino, CA 91108
Tel:   (626) 431-2787
Fax:   (626) 431-2788
Attorneys for Defendant,
Cigna Health and Life Insurance Company